IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

MAY 11 2026 PM3:14
FILED-USDC-NDTX-FW
mw

GLENDA D WHITE

PLAINTIFF

v. Civil Action No 4:25-cv-1317-0-BP

BOB FAITH, et al

Defendant

**PLEADING CIVIL COMPLAINT**

Plaintiff, Glenda D White is an individual residing in Tarrant County, Fort Worth, Texas.

Defendant, Bob Faith of GrayStar Real Estate Partners, principal location is 465 Meeting Street, Suite 500, Charleston, SC 29403,

TRDWinds Property Management, principal location is 3773 Richmond Ave, Suite 288, Houston, Texas

**JURISDICTION AND VENUE**

42 U.S. CODE CHAPTERV45 (FAIR HOUSING ACT)

Title15. FAIR HOUSING ACT, CHAPTER 301.TEXAS FAIR HOUSING ACT, SECT 301.004

Section 5(a) of the FTC ACT U.S.C 45(a)

Venue is proper under 28 U.S.C -1391(b)(1) because the plaintiff resides in here/ and a substantial part of the events occurred in Tarrant, County, Fort Worth, Texas.

**Statement of Facts:**

1. Grey Star Real Estate SC, LL was a license broker until 05/10/2026 in the State of Texas. Lic. 551044-bb. By Bob Faith attorney own admission, he was employed by

Greystar Real Estate Partners. Grey Star Real Estate Partners was the property Management of the Historical Electric Building Apartments in 2021 offering property Management services to the owner James Rastello owner of TRDWind Properties. (ECF No 13 at 3 )

2.

TRDWind Property management is the owner of the Historical Electric Building Apartment and Management firm. TRD Wind properties were approved by Texas Commission Court to receive HAP contracts between Tarrant County Housing Assistance office and Texas Department of Housing and Community Affairs to receive Low Income Tax Credits.

Therefore, TRD Wind Properties Management is responsible for:

a. Advertising available units
b. Ensuring information displayed on property websites is accurate
c. Communicating with current and prospective tenants
d. Leasing rental units to qualified tenants
e. Billing tenants and collecting payments including non-optional fees
f. Hiring and training all onsite personnel at the property

The Historical Electric Building is advertised on Google as having low-income units, HUD low-income housing list and Fort Worth Housing.

However, the non-optional fees are not disclosed to consumers or tenants at the time of leasing a unit. This is a deceptive practice is Prohibited by the Fair Housing Act. The non-optional fees that are not disclosed upfront and included after a consumer signs a lease are defined as different terms than outlined in a tenant's lease agreement.

Non Optional fees are : (Broiler fee 35-40- per month listed in 2023 and 2024 ledgers., Ubgas fee 8-10.dollars per month, Electric fee range from 100 -365 per month, pest control fee 3-5 dollars per month , Parking fee 100 -150 per month, ub water fee 35.00 to 45.00 per month , Utility reimbursement Trash fee15.00-20.00 per month, Admin fee 25.00 per month , Sewer fee 45-55.00 per month, Late fees is 9% of the rental amount , Storm admin fee 3.00 per month, GAF fee3.00 per month, and GSF fee1.50 per month , Enviro protect fee1.42 per month , Drainage fee 3.00 per month ) As a tenant the following non- optional fees has been paid by tenant : 2021,2022,2023 admin utility fee of 4.42 paid each month. Total 1,296. This fee was additional to utility fee. In 2024 the base rent was increased to tenant was 940.00, monthly statement contained admin utility fee 4.42 total 53.40. In 2025 base rent 940, until 03/2025, base rent increase to 1,028 until, 11/2025 base rent increase to 1,077. However, Texas Department of Housing and Community Affairs cited The

Historical l Electric Building for overcharges for 03/2025 to 03/2026, base rent changed to 982.00. No refund issued to tenant. From 01/2025 tenant paid 1028 as base rent, corrected charge 982.00, difference of 46.00 dollars per month 552.00 overcharged rent for 2025. Monthly rental Statement notice 09/2025 1,707.57, 10/2025, 1707.85, a month-to-month fee of 500.26 was added. 11/2025, 4,340.64, 12/2025, 3,611.26. on 01/2026 tenant was forced to pay 1,792.44, Management stated tenant failed to pay utility for 11/2025 and 12/2025. Tenant withdrew monies from m 401k, paying 568.00 taxes and penalties.

All these fees are listed on the Historical Electric Building Ledger provide to the court

(Id.at 3, under Background)

3. Plaintiff became a tenant of the Historical Electric Building Apartment 10/02/2021 and is currently a resident. Plaintiff applied for a one-bedroom low-income unit for herself and her 16-year-old granddaughter on the application. Plaintiff at the time, Female age 61 and a minor female age 16. Plaintiff presented the Historical Electric Building Apartment Manager with a Temporary custody document for the minor child in her care, from Family Court in Tarrant County dated 2017. The Historical Electric Building Manager requested plaintiff to obtain a letter from the minor biological parent. This was a discriminatory action due to the age of the plaintiff.
4. A Temporary Custody order outlines who the temporary order is given to (Glenda White) and the minor she is responsible for (Jla White) The Temporary Custody order was accepted by Fort Worth ISD. Cook Children Hospital and UNT Health Science.

(Information found on page 1 under Background, in the first paragraph) Failure to accept plaintiff temporary custody order disallowed the minor to have access to the premise in which her primary caregiver lived from 2021 to 2024. This action also affected a newborn, born 05/03/2024 to Jla White. This action violates the Familial Status of the Fair Housing Act. (Senior female over the age of 60 and a female under the age of 18. Sex and age discrimination) Please allow me to explain access to the building. The Historical Electric Building had two primary access doors. The first door access 7th street, that door requires a passcode to enter. The Second door in the foyer has a passcode and a call box. The call box allows a tenant to call their apartment and buzz themselves into the elevator lobby. If any of the two devices are deactivated the tenant is locked out. Door Activation requires the managers authorization; person must be listed on lease to get access.
This action caused undue emotional stress and trauma for tenants and a minor child. (ECF NO 13 AT 3). Background.

4. The Historical Electric Building overcharged for the low-income unit occupied by the plaintiff. Overcharge was outlined by the Texas Department of Housing and Community Affairs on 11/2025. Plaintiff filed a complaint with the HUD, Texas Department of Housing and Community affairs and Fort Worth Fair Housing in 06/2025. Historical Electric Building Apartment responded with eviction notices 07/08/2025. (requested amount 1284.95) after rent was paid. Second notice was 09/30/2025 stating residents failed to provide income renewal information. Information was provided by tenant 01/2025. On 01/2026 a 792.00 payment is added to the 982.00 gross rent for unpaid utilities for 11/2025 and 12/2025.

This practice of retaliation continues until 02/2026. Documents provided to the court. (ECF No 13 at 3 ) Background.

**Cause of Action**

Plaintiff Glenda Denise White alleges that the Historical Electric Building Apartments under the management of Greystar Real Estate Partners and TRDWind HEB, LLC violated U. S 42 Code Chapter v 45 of the Fair Housing Act. Title VII of the Civil Right of 1968, sex and age discrimination on the plaintiff and her granddaughter.

Fair Housing Act, Chapter 301, prohibits unequal treatment in renting, selling, advertising, financing and appraising homes. Historical Electric Building Apartment failed to provide all non-optional fees to tenants prior to signing a lease.

Section 5(a) of the Fair-Trade Commission Act prohibits unfair and deceptive acts or practices and unfair methods of competition or affecting commerce.

Fair Housing Act Retaliation (SECTION 818/3617) prohibits illegal termination of leases, refuse to renewal, increases rent, decrease services, or harass tenants for exercise rights.

**Prayer for Relief**

Wherefore, the plaintiff Glenda Denise White request relief as follows:

1. A declaration that a discriminatory conduct of the defendant as set fort violates the Fair Housing Act.
2. An injunction against the Defendant, their agents, employees, successor and all other persons in active concert or participation with them from:

- Discriminating against plaintiff and her granddaughter due to the age plaintiff, who was the primary caregiver of a minor child. 42 U.S. CODE CHAPTERV45 FAIR HOUSING ACT. (violates Fair Housing Act, familial status)
- False Advertising to entice consumer to apply for low-income units.
    - Retaliation against tenant that file complaints State Housing Agency,
    - Section 5(a) of the FTC ACT U.S.C 45(a)
- An award of compensatory and punitive damages 42 U.S.C 1981 a (b)3 Title VII for discrimination. Up to 70,000.
- Breach of Contract in 2025 by increasing base rents within a 12-month contract.