**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **GLENDA DENISE WHITE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-cv-1317-O-BP** |
| | § | |
| **BOB FAITH**, *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

On January 5, 2026, the Court ordered *pro se* Plaintiff Glenda White to serve Defendants and warned her that if she did not do so the action would be subject to dismissal without prejudice. *See* ECF No. 8 (citing Fed. R. Civ. P. 4(m)). On April 28, 2026, the Court ordered Miles to show cause on or before May 15, 2026 why the Court should not dismiss her Complaint as to Defendant Tradewind Properties or Trade Wind Properties without prejudice for failure to timely serve such Defendant. ECF No. 24.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

The deadline for White to comply with the Court's order expired. To date, she has not complied with the Court's order, sought an extension of time to do so, or otherwise attempted to cure her service deficiency or communicate with the Court about this deficiency. Because Plaintiff has not properly served Defendant Tradewind Properties or Trade Wind Properties in accordance

with the Federal Rules of Civil Procedure despite an order to do so, this case is subject to dismissal for failure to timely serve them, for not complying with a court order, and for lack of prosecution under Rules 4(m) and Rule 41(b).

Accordingly, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DISMISS** White's claims against Defendant Tradewind Properties or Trade Wind Properties for failure to timely serve them, for not complying with a court order, and for lack of prosecution, without prejudice to being refiled. *See* Fed. R. Civ. P. 4(m), 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within **fourteen (14) days** after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

**SIGNED** on May 18, 2026.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

2